UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| E. JANETTE McCARTY,<br>n/k/a SIMPHER, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | No. 4:08-CV-690 (CEJ) |
| DANA HOLDING CORPORATION,<br>d/b/a MAHLE ENGINE COMPONENTS<br>USA, INC., | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss the amended complaint for failure to state a claim and for failure to join an indispensable party. See Fed.R.Civ.P. 12(b)(6)-(7). Plaintiff opposes the motion and the issues are fully briefed.

**I. Background**

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Plaintiff alleges that, while employed by defendant, she was subjected to discriminatory acts based upon her gender, race, age and disability.[1] She contends that she suffered retaliation for reporting these acts to the labor union. Her employment was ultimately terminated on March 15, 2007.

Defendant seeks dismissal of the amended complaint for several reasons: (1) defendant was not named in the charge of

---

[1] A full recitation of these alleged discriminatory acts is not necessary for purposes of this motion.

discrimination filed by plaintiff with the Equal Employment Opportunity Commission (EEOC); (2) plaintiff's claims are barred by the statute of limitations because plaintiff failed to file her charge of discrimination with the EEOC within three hundred days of her termination; and (3) plaintiff failed to join two indispensable parties to this action. Defendant alleges that one of these indispensable parties is Mahle Engine Components, Inc., a company that allegedly purchased defendant's St. Louis facility on March 9, 2007, prior to plaintiff's termination. Thus, defendant contends that plaintiff's employment was terminated by Mahle Engine Components and not by defendant.

**II. Discussion**

The Court first turns to defendant's contention that it must be dismissed from this suit because plaintiff failed to name defendant in her charge of discrimination filed with the EEOC. "As a general rule, a complainant must file a charge against a party with the EEOC before she can sue that party under Title VII." Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985). However, an exception to this rule applies where a "substantial identity" exists between the party named in the charge of discrimination and the party named in the complaint. Id. A plaintiff may bring suit against a party not named in the EEOC charge "where [the] unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985).

Defendant has submitted a copy of plaintiff's charge of discrimination filed with the EEOC.[2] The EEOC charge identifies "Mahle" as the employer who discriminated against plaintiff. Defendant Dana Holding Corporation is not named in the charge of discrimination, other than a brief reference in the comment portion in which plaintiff wrote the following:

> I was employed with [Mahle] during the buy out of the Dana Corporation in January 2007. During my employment I was subjected to unfair discipline and harassment because of my sex, female, my age, and my race, white. I complained to management about discrimination. After my complaint I was discharged.

Thus, the EEOC charge quite clearly indicates that plaintiff's employer at the time of the discriminatory act was Mahle Engine Components and not defendant Dana Holding Corporation. Plaintiff did not name defendant as a respondent to her EEOC charge, and there is no evidence or allegation that defendant shares a "substantial identity" with Mahle such that it would have had notice of the EEOC charge prior to the filing of this lawsuit. Indeed, plaintiff acknowledged that Mahle and defendant were separate companies in her EEOC charge in which she wrote that Mahle had purchased the facility from defendant.[3] The failure to name defendant in the EEOC charge precludes plaintiff from bringing suit

---

[2] The Court may look beyond the complaint and consider the contents of the EEOC charge without converting this motion into one for summary judgment. See Faibisch v. University of Minnesota, 304 F.3d 797, 802 (8th Cir. 2002).

[3] It is unclear why, in the caption on her amended complaint, plaintiff indicated that Dana Holding Corporation was doing business as Mahle Engine Components. Plaintiff provides no basis for this assertion in her complaint and appears to understand the distinction between the two companies in her EEOC charge.

against defendant now. Accordingly, the Court will grant defendant's motion to dismiss for failure to state a claim.

The Court will now consider whether to grant leave for plaintiff to file a second amended complaint naming the proper party as defendant. This will turn on whether plaintiff's claims are barred by the statute of limitations. If it appears that plaintiff's claims are time-barred, then granting leave to amend her complaint would be futile because all claims against Mahle Engine would also be barred.

"[B]efore a plaintiff may sue an employer under Title VII, he or she must file a charge with the EEOC within 180 days of the 'alleged unlawful practice." Nichols v. American Nat. Ins. Co., 945 F.Supp. 1235, 1239 (E.D. Mo. 1996); see 29 U.S.C. § 626(d). This is extended to 300 days because Missouri law also prohibits such discrimination. Nichols, 945 F.Supp at 1239.

Plaintiff's employment was terminated on March 15, 2007, and that is the date on which the 300-day limitations period begins to run.[4] Therefore, the EEOC charge must have been filed no later than January 9, 2008 in order to be timely.

---

[4]The charge of discrimination indicates, without any explanation, that the discrimination allegedly took place through April 23, 2007. However, upon a review of the factual allegations within the amended complaint, the Court concludes that none of the allegations could have occurred following plaintiff's termination on March 15, 2007. Plaintiff does not discuss the statute of limitations issue in her response to this motion, other than to say that "[f]rom the face of the complaint, Plaintiff filed an EEOC charge less than two (2) months after Defendant wrongfully terminated Plaintiff." Thus, it appears that plaintiff agrees that the accrual date is the date of the alleged wrongful termination.

-4-

Plaintiff claims in her amended complaint that she filed the EEOC charge on May 3, 2007. Thus, on the face of the complaint, the charge of discrimination was filed well within three hundred days of March 15, 2007. However, the EEOC charge reveals that it was signed and dated by plaintiff on January 17, 2008.[5] Thus, considering both the complaint and the EEOC charge to which it refers, the Court is left with the improbable proposition that plaintiff filed her EEOC charge over eight months before she signed it.

Plaintiff appears to argue that the Court must accept the date alleged within the complaint as true. However, at this juncture the Court is simply considering whether to grant leave for plaintiff to file a second amended complaint, and is not examining the statute of limitations issue under the failure to state a claim standard. The Court has already found that the motion to dismiss must be granted, based on plaintiff's failure to name defendant in the charge of discrimination. The limits inherent in a Fed. R. Civ. P. 12(b)(6) analysis do not apply to the current determination of whether to grant leave to amend a complaint.

Additionally, even if the Court were analyzing the statute of limitations issue under a Rule 12(b)(6) standard, it is clear that the Court may properly incorporate the EEOC charge into its analysis. See Faibisch v. University of Minnesota, 304 F.3d at

---

[5] The EEOC charge provided by defendant contains an identical identification number to that mentioned in the amended complaint, assuring the Court that it is not comparing the filing dates of two separate EEOC charges.

802. Given that it is not possible for plaintiff's allegation that she filed her charge on May 3, 2007 to be true in light of the properly considered EEOC charge, the Court need not accept the allegation. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(holding that, even on a motion to dismiss, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit"); Yellen v. Hake, 437 F.Supp.2d 941, 953 (S.D. Iowa 2006)("We are not required to accept as true conclusory allegations which are contradicted by documents referred to in the Complaint."); Cohen v. United States, 129 F.2d 733 (8th Cir. 1942)(finding that the court need not accept as true those factual allegations which "appear by a record or document included in the pleadings to be unfounded").

The Court will not grant leave for plaintiff to amend her complaint. It is evident that the EEOC charge of discrimination was not filed within the 300-day time limit. As such, plaintiff's claims are time-barred and cannot be brought against either Dana Holding Corporation or Mahle Engine Components. An amended complaint would not be able to cure this defect.

### III. Conclusion

Plaintiff failed to properly name defendant Dana Holding Corporation as a respondent in her charge of discrimination with the EEOC, and there is no allegation or evidence that plaintiff's EEOC charge against Mahle Engine Components put defendant on notice of the allegations within it. Plaintiff is prevented from bringing suit against defendant without satisfying this prerequisite. In

addition, the Court will not grant leave for plaintiff to amend her complaint because the record clearly establishes that plaintiff's discrimination claims are time-barred under 29 U.S.C. § 626(d)(2), and plaintiff's amended complaint does not otherwise state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion [#12] to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 7th day of November, 2008.